UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and ZURICH SERVICES CORPORATION,<br><br>*Plaintiffs*,<br><br>– against –<br><br>SUPREME FOODSERVICE AG, SUPREME FOODSERVICE GmbH, SUPREME GROUP HOLDING SARL, and SUPREME FUELS FZE,<br><br>*Defendants* | ECF CASE<br><br>Civil Action No. 12-CV-9117<br><br>**DEFENDANTS SUPREME FOODSERVICE AG'S, SUPREME FOODSERVICE GmbH'S, SUPREME GROUP HOLDING SARL'S, and SUPREME FUELS FZE'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendants Supreme Foodservice AG ("Supreme AG"), Supreme Foodservice GmbH ("Supreme GmbH"), Supreme Group Holding SARL ("Supreme Group"), and Supreme Fuels FZE ("Supreme Fuels" and, collectively with Supreme AG, Supreme GmbH, and Supreme Group, "Defendants"), by and through their undersigned counsel, Schlam Stone & Dolan LLP, as and for their Answer, Affirmative Defenses, and Counterclaims in response to the Complaint (the "Complaint"), hereby state as follows:

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants assert that to the extent that paragraph 2 of the Complaint sets forth a legal conclusion no response is required, but to the extent a response is required, deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants assert that to the extent Paragraph 3 of the Complaint sets forth a legal conclusion no response is required, but to the extent a response is required, deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint, except deny that Defendant Supreme GmbH's principal place of business is at Spinnerestrasse 2, 8866 Ziegelbrüecke, Switzerland.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint, except deny that Defendant Supreme Group is organized under the laws of Switzerland and that its principal place of business is Spinnerestrasse 2, 8866 Ziegelbrüecke, Switzerland.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants assert that paragraph 10 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants assert that paragraph 11 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants assert that paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint, and refer the Court to the document and amendments thereto described in said paragraph for a true and complete statement of their terms and provisions.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint, and refer the Court to the document described in said paragraph for a true and complete statement of its terms and provisions.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint, and refer the Court to the document described in said paragraph for a true and complete statement of its terms and provisions.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint, except admit that Zurich American issued Supreme AG a policy, numbered WC 3995299-00, that was effective April 16, 2009 for one year and issued two renewal policies, the first numbered WC 3995299-01 and effective as of April 16, 2010, and the second numbered 3995299-02 and effective as of April 16, 2011, to Supreme Group.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint, and refer the Court to the document described in said paragraph for a true and complete statement of its terms and provisions, except admit that Policy WC 3995299-00, WC 3995299-01, and WC 3995299-02, each contain a page entitled "Defense Base Act Coverage Endorsement", that Policy WC 3995299-00 covered Supreme AG and Policy WC 3995299-01 and WC 3995299-02 covered Supreme Group and all of their subcontractors for certain work performed by them, and that the schedule on the "Defense Base Act Coverage Endorsement" page in each reads "[d]elivery of food and provisions to the US Military under Defense Supply Center Philadelphia (DSCP) contract number SPM 300-05-D-3130."

19. Defendants deny the allegations in Paragraph 19 of the Complaint, except admit that Zurich American issued to Supreme GmbH and Supreme Fuels a policy, numbered WC 3995351-00, that was effective on November 20, 2009 for one year, and issued a renewal policy to Supreme Group, numbered 3995351-01, that was effective on November 20, 2010.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint, and refer the Court to the document described in said paragraph for a true and complete statement of its terms and provisions, except admit that Policy WC 3995351-00 and WC 3995351-01 each contain a page entitled "Defense Base Act Coverage Endorsement", that Policy WC 3995351-00 covered Supreme GmbH and Supreme Fuels and WC 3995351-01 covered Supreme Group and all of their subcontractors for certain work performed by them, and that the schedule on the "Defense Base Act Coverage Endorsement" page in each reads "[d]elivery of fuel and fuel site services in Afghanistan under contracts numbers SP0600-09-D-1011 and SP0600-08-D-1018 with the U.S. Defense Energy Support Center."

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint, and refer the Court to the documents described in said paragraph for a true and complete statement of their terms and provisions.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint, and refer the Court to the documents described in said paragraph for a true and complete statement of their terms and provisions.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint, and refer the Court to the documents described in said paragraph for a true and complete statement of their terms and provisions.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint, and refer the Court to the documents described in said paragraph for a true and complete statement of their contents.

26. Defendants assert that paragraph 26 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations contained in paragraph 26 of the Complaint, and refer the Court to the documents described in said paragraph for a true and complete statement of their contents.

27. Defendants deny the allegation in Paragraph 27 of the Complaint that they represented to Plaintiffs that all claims submitted arose under the DBA. Defendants further assert that paragraph 27 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, deny knowledge or information sufficient upon which to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint, and assert that Plaintiffs had an independent responsibility to verify the claims fell under the DBA.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint, except admit that they advised Plaintiffs that certain claims arose from work under a NATO contract.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint that DOL advised that 211 claims would be administratively closed, and otherwise deny the allegations in Paragraph 29 of the Complaint, except admit that on or about November 16, 2012, Defendants submitted a letter to the DOL, and refer the Court to that document for its complete contents.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint, except admit that Zurich Services sent a letter to Defendants on May 16, 2012, Zurich American sent a letter to Defendants on June 5, 2012, and that Defendants rejected any demand for reimbursement by Plaintiffs in said letters, and refer the Court to those documents for their complete contents.

33. Defendants deny knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, except admit that Supreme Group had paid a premium of $17,304,092.

34. Defendants deny knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, except admit that Zurich American has not yet returned the owed adjusted amount.

35. Defendants repeat and reallege every response set forth in paragraphs 1-34 as if each was fully set forth herein.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint, and refer the Court to the document described in said paragraph for a true and complete statement of its terms and provisions.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint, and refer the Court to the document described in said paragraph for a true and complete statement of its terms and provisions.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants repeat and reallege every response set forth in paragraphs 1-38 as if each was fully set forth herein.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants repeat and reallege every response set forth in paragraphs 1-43 as if each was fully set forth herein.

45. Defendants deny knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants repeat and reallege every response set forth in paragraphs 1-50 as if each was fully set forth herein.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants repeat and reallege every response set forth in paragraphs 1-56 as if each was fully set forth herein.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants repeat and reallege every response set forth in paragraphs 1-62 as if each was fully set forth herein.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants repeat and reallege every response set forth in paragraphs 1-64 as if each was fully set forth herein.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint, and refer the Court to the documents described in said paragraph for a true and complete statement of their terms and provisions.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint, and refer the Court to the documents described in said paragraph for a true and complete statement of their terms and provisions.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants repeat and reallege every response set forth in paragraphs 1-70 as if each was fully set forth herein.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants repeat and reallege every response set forth in paragraphs 1-75 as if each was fully set forth herein.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants repeat and reallege every response set forth in paragraphs 1-80 as if each was fully set forth herein.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants repeat and reallege every response set forth in paragraphs 1-87 as if each was fully set forth herein.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants repeat and reallege every response set forth in paragraphs 1-93 as if each was fully set forth herein.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint, and refer the Court to the documents described in said paragraph for a true and complete statement of their terms and provisions.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants repeat and reallege every response set forth in paragraphs 1-99 as if each was fully set forth herein.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

102. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

103. Plaintiffs' claims are barred in whole or in part, by the doctrines of waiver, estoppel, laches and/or ratification.

### THIRD AFFIRMATIVE DEFENSE

104. Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

105. Plaintiffs' claims are barred in whole, or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

106.     Plaintiffs' damages, in whole or in part, were caused by its own actions or failures to act.

**SIXTH AFFIRMATIVE DEFENSE**

107.     The payments Plaintiffs made were required to be made because the through the date that the NATO claims have been and will be administratively closed it was and remains the DOL's stated position that such claims are DBA claims and that Plaintiffs are fully responsible for their handling, processing, administration and statutory financial obligations.

**SEVENTH AFFIRMATIVE DEFENSE**

108.     Zurich Services breached the Services Contract and Zurich American breached the policies by failing to properly review and investigate the claims.

**WHEREFORE**, Defendants demand judgment against Plaintiffs dismissing the Complaint with prejudice, awarding costs and disbursements of this action, and granting such other and further relief as is just and proper.

**COUNTERCLAIMS**

Defendants, by way of their Counterclaims against Zurich American, allege as follows:

**FIRST COUNTERCLAIM**
**(Breach of Contract)**

1.     Zurich American issued policy WC 3995299-02 to Supreme Group for the period April 16, 2011 to April 16, 2012.

2.     The total estimated premium for this policy was $17,304,092, which amount Supreme Group paid to Zurich American.

3.     The policy provides in Part 5, E, Final Premium, as follows:

> The premium shown on the information Page, Schedules and endorsements is an estimate.  The final premium will be determined after this policy ends by using the actual, not estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy.  If the final premium is…less [than the premium Supreme Group paid to Zurich American], [Zurich American] will refund the balance to [Supreme Group].

4. The final premium for the policy was no more than $10,496,434.

5. Supreme Group performed all its obligations under the policy.

6. Zurich American has not refunded the difference between the estimated premium and the final premium, which difference is at least $6,807,658.

7. Zurich American breached its contract with Supreme Group by failing to return the difference between the estimated premium and the final premium.

8. As a result of that breach Supreme Group has suffered damages in the amount of at least $6,807,658.

## SECOND COUNTERCLAIM
### (Unjust Enrichment)

9. Defendants repeat and reallege paragraphs 1-8 above as if fully set forth herein.

10. By reason of the forgoing, Zurich American was unjustly enriched in the amount of $6,807,658 from Supreme Group when it failed to refund the difference between the estimated premium and the final premium for the policy.

11. Supreme Group is entitled to the return of the amount of $6,807,658 by which Zurich American has been unjustly enriched.

12. It would offend principles of equity and good conscience for Zurich American not to reimburse Supreme Group for the difference between the estimated premium and the final premium and those principles require restitution be made to Supreme Group.

**THIRD COUNTERCLAIM**
(Breach of Contract)

13. Defendants repeat and reallege paragraphs 1-12 above as if fully set forth herein.

14. Upon information and belief, Defendant Zurich American factored in its payments, benefits and expenses for claims that arose for services that were NATO related in calculating and setting the renewal premiums for policies-WC 3995299 for the periods April 2010-April 2011 and April 2011-April 2012 and WC 3995351 for the period November 2010-November 2011.

15. Upon information and belief, Defendants paid to Zurich American the aforesaid renewal premiums.

16. In the event this Court ultimately concludes that Defendants must return payments, benefits, and expenses for claims that arose for services that were NATO related, the renewal premiums calculated and set by defendant Zurich American would be higher than the renewal premiums than it was entitled to charge defendants.

17. As a result, in the event this Court ultimately concludes that Defendants must return to Plaintiffs payments, benefits, and expenses for claims that arose for services that were NATO related, Defendants will have overpaid premiums for the policies WC 3995299 and WC 3995351 for the relevant time period.

18. Defendants performed all their obligations under the policies.

19. Plaintiffs breached the contracts by seeking reimbursement for payments, benefits, and expenses for services.

20. Accordingly, in the event this Court ultimately concludes that Defendants must return payments, benefits, and expenses for claims that arose for services that were NATO

related, Defendants would be entitled to the return of payments for overpaid premiums in an amount to be determined.

### FOURTH COUNTERCLAIM
(Unjust Enrichment)

21. Defendants repeat and reallege paragraphs 1-20 above as if fully set forth herein.

22. In the event this Court ultimately concludes that Defendants must return payments, benefits, and expenses for claims that arose for services that were NATO related, because Defendants paid renewal premiums based on claims that were NATO related, Plaintiffs were unjustly enriched by receiving renewal premiums to which it was not fully entitled. .

23. Defendants are entitled to the return of the amounts of their overpayments by which Plaintiffs have been unjustly enriched.

24. It would offend principles of equity and good conscience for Plaintiffs not to reimburse Defendants for this overpayment of premiums and those principles require restitution be made to Plaintiffs.

### FIFTH COUNTERCLAIM
(Money Had and Received)

25. Defendants repeat and reallege paragraphs 1-24 above as if fully set forth herein.

26. In the event this Court ultimately concludes that Defendants must return payments, benefits, and expenses for claims that arose for services that were NATO related, because Defendants paid renewal premiums based on estimates that included services that were NATO related, Plaintiffs received money and benefits from Defendants that they should not have received.

27.     Plaintiffs are not entitled to retain the money and benefits had and received, and the loss of that money and benefits has been disproportionately and unjustly borne by Defendants.

28.     It would offend principles of equity and good conscience to permit Plaintiffs to retain that money and benefits had and received, and those principles require that Plaintiffs reimburse Defendants for that money.

**WHEREFORE,** Defendants demands judgment:

1)   On their First Counterclaim, against Zurich American in an amount to be determined at trial, but not less than $6,807,658, plus pre-judgment interest, and awarding Supreme Group its attorneys' fees, costs, and other expenses in this action, and granting Supreme Group such other and further relief as is appropriate;

2)   On their Second Counterclaim, against Zurich American in an amount to be determined at trial, but not less than $6,807,658, plus pre-judgment interest, and awarding Supreme Group its attorneys' fees, costs, and other expenses in this action, and granting Supreme Group such other and further relief as is appropriate;

3)   On their Third Counterclaim, against Zurich American in an amount to be determined, plus pre-judgment interest, and awarding Defendants their attorneys' fees, costs, and other expenses in this action, and granting Defendants such other and further relief as is appropriate;

4)   On their Fourth Counterclaim, against Zurich American in an amount to be determined, plus pre-judgment interest, and awarding Defendants their

attorneys' fees, costs, and other expenses in this action, and granting Defendants such other and further relief as is appropriate

5) On their Fifth Counterclaim, against Zurich American in an amount to be determined, plus pre-judgment interest, and awarding Defendants their attorneys' fees, costs, and other expenses in this action, and granting Defendants such other and further relief as is appropriate

## JURY DEMAND

Defendants demand a trial by jury on all matters triable by a jury.

Dated: New York, New York
February 28, 2013

**SCHLAM STONE & DOLAN LLP**

By: **/s/ Robert Begleiter**
Robert Begleiter
Samuel L. Butt
26 Broadway, 19th Floor
New York, New York 10004
Telephone No.: (212) 344-5400
Facsimile No. : (212) 344-7677
E-Mail: rbegleiter@schlamstone.com
E-Mail: sbutt@schlamstone.com

*Attorneys for Defendants Supreme Food Service AG*, *Supreme Foodservice GmbH*, *Supreme Group Holding SARL*, *and Supreme Fuels FZE*

**TO:** **(All Counsel;** *via* **ECF filing)**