Charles C. Platt
Rebecca A. Haciski
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and ZURICH SERVICES CORPORATION,<br><br>　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>SUPREME FOODSERVICE AG, SUPREME FOODSERVICE GmbH, SUPREME GROUP HOLDING SARL, and SUPREME FUELS FZE,<br><br>　　　　　　　　Defendants. | Civil Action No. 12-CV-9117 |

## PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S ANSWER TO DEFENDANTS SUPREME FOODSERVICE AG, SUPREME FOODSERVICE GmbH, SUPREME GROUP HOLDING SARL, and SUPREME FUELS FZE'S COUNTERCLAIMS

Plaintiff and Counterclaims-Defendant Zurich American Insurance Company ("Zurich American"), by and through undersigned counsel, hereby answers and otherwise responds to the Counterclaims of Defendants Supreme Foodservice AG ("Supreme AG"), Supreme Foodservice GmbH ("Supreme GmbH"), Supreme Group Holding SARL ("Supreme Group"), and Supreme Fuels FZE ("Supreme Fuels") in the above-captioned action as follows:

1. Zurich American admits the allegations set forth in paragraph 1 of the Counterclaims.

2. Zurich American admits the allegations set forth in paragraph 2 of the Counterclaims.

3. Zurich American admits that the policy referred to in paragraph 3 of the Counterclaims contains a section entitled "Final Premium," but refers to that policy for a true and complete statement of its terms.

4. Zurich American admits the allegations set forth in paragraph 4 of the Counterclaims.

5. Zurich American denies the allegations set forth in paragraph 5 of the Counterclaims.

6. Zurich American admits that it has not refunded the difference between the estimated premium and the final premium, but denies that the difference is at least $6,807,658, and denies that the difference in premium is due to be refunded at this time.

7. Zurich American denies the allegations set forth in paragraph 7 of the Counterclaims.

8. Zurich American denies the allegations set forth in paragraph 8 of the Counterclaims.

9. Zurich American repeats and re-alleges paragraphs 1 through 8 above as if fully set forth herein.

10. Zurich American denies the allegations set forth in paragraph 10 of the Counterclaims.

11. Zurich American denies the allegations set forth in paragraph 11 of the Counterclaims.

12. Zurich American denies the allegations set forth in paragraph 12 of the Counterclaims.

13. Zurich American repeats and re-alleges paragraphs 1 through 12 above as if fully set forth herein.

14. Zurich American admits that, in calculating and setting the renewal premiums described in paragraph 14 of the Counterclaims, it factored in some payments, benefits, and expenses for claims that were falsely reported by Defendants as being subject to the Defense Base Act ("DBA") and later determined to be NATO-related, but otherwise denies the allegations set forth in paragraph 14 of the Counterclaims, and further denies that Defendants are entitled to any relief as against Zurich American.

15. Zurich American admits that it received from Defendant Supreme Group the renewal premiums described in paragraph 14 of the Counterclaims, but otherwise denies the allegations set forth in paragraph 15 of the Counterclaims.

16. Zurich American admits that the renewal premiums described in paragraph 14 of the Counterclaims may have been higher than they would have been if Zurich American had not factored in some payments, benefits, and expenses for claims that were falsely reported by Defendants as being subject to the DBA and later determined to be NATO-related, but otherwise denies the allegations set forth in paragraph 16 of the Counterclaims, and further denies that Defendants are entitled to any relief as against Zurich American.

17. Zurich American denies the allegations set forth in paragraph 17 of the Counterclaims.

18. Zurich American denies the allegations set forth in paragraph 18 of the Counterclaims.

19. Zurich American denies the allegations set forth in paragraph 19 of the Counterclaims.

20. Zurich American denies the allegations set forth in paragraph 20 of the Counterclaims.

21. Zurich American repeats and re-alleges paragraphs 1 through 20 above as if fully set forth herein.

22. Zurich American denies the allegations set forth in paragraph 22 of the Counterclaims.

23. Zurich American denies the allegations set forth in paragraph 23 of the Counterclaims.

24. Zurich American denies the allegations set forth in paragraph 24 of the Counterclaims.

25. Zurich American repeats and re-alleges paragraphs 1 through 24 above as if fully set forth herein.

26. Zurich American denies the allegations set forth in paragraph 26 of the Counterclaims.

27. Zurich American denies the allegations set forth in paragraph 27 of the Counterclaims.

28. Zurich American denies the allegations set forth in paragraph 28 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

1. Zurich American asserts that the Counterclaims against it, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Zurich American asserts that the Counterclaims against it, in whole or in part, are barred because of Defendants' material breaches of the contracts.

## THIRD AFFIRMATIVE DEFENSE

3. Zurich American asserts that the Counterclaims against it, in whole or in part, are barred by the doctrines of waiver, estoppel, laches, ratification, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4. Zurich American asserts that the Counterclaims against it, in whole or in part, are barred by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

(Discovery of Additional Defenses)

5. Zurich American reserves the right to assert additional defenses upon further investigation and discovery of the claims asserted in this action.

WHEREFORE, Zurich American respectfully requests that the Court enter an order:

i. dismissing with prejudice Defendants' Counterclaims against Zurich American in their entirety;

ii. awarding Zurich American the relief requested in its Complaint against Defendants; and

iii. awarding such other and further relief as this Court may deem just and proper.

Dated: March 19, 2013

New York, New York

*[signature]*

Charles C. Platt (NY Bar No. 1678325)
Rebecca A. Haciski (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Counsel for Zurich American Insurance Company and Zurich Services Corporation*