Sullivan, R.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-1-13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ZURICH AMERICAN INSURANCE
COMPANY and ZURICH SERVICES
CORPORATION,
                              *Plaintiffs*,

        – against –

SUPREME FOODSERVICE AG,
SUPREME FOODSERVICE GmbH,
SUPREME GROUP HOLDING SARL, and
SUPREME FUELS FZE,
                              *Defendants.*

Civil Action No. 12-CV-9117 (RJS)(FM)

**STIPULATION AND ORDER FOR THE**
**PRODUCTION AND EXCHANGE OF**
**CONFIDENTIAL INFORMATION**

ECF CASE

       WHEREAS, Zurich American Insurance Company and Zurich Services Corporation ("Plaintiffs"), on the one hand, and Defendants Supreme Foodservice AG, Supreme Foodservice GmbH, Supreme Group Holding SARL, and Supreme Fuels FZE ("Defendants"), on the other hand, are engaged in litigation in the above-captioned action (the "Litigation");

       WHEREAS, the Plaintiffs and the Defendants (each, a "Party," and together, the "Parties") are presently engaged in the process of discovery in the Litigation; and

       WHEREAS, discovery may involve the production of certain information and documents that a Party believes are confidential and contain sensitive personal, commercial, proprietary, financial or business information;

       IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Parties, subject to the approval of the Court, that the following Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, testimony, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given or exchanged by, among, or between the Parties and any non-parties in connection with discovery in the Litigation

(such information or material hereinafter referred to as "Discovery Material"), unless otherwise stipulated in writing by the Parties or ordered by the Court:

1. Either Party or any third party may designate as "CONFIDENTIAL" any Discovery Material that reveals a trade secret or other confidential research, development or commercial information or other information required by law or agreement to be kept confidential. For purposes of this Stipulation and Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party (a "Receiving Party") that a Party or non-party producing information or material voluntarily or pursuant to a subpoena or a court order (a "Producing Party"), considers to constitute or to contain trade secrets or other confidential technical, sales, marketing, financial, or other commercial information, or other sensitive materials, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party. No material shall be designated "CONFIDENTIAL" unless the designating party believes in good faith that the designated material in fact contains confidential information.

2. Any "CONFIDENTIAL INFORMATION" obtained by any Party from any person pursuant to discovery in the Litigation may be used only for purposes relating to the Litigation, and may not be disclosed publicly or to third parties except:

   a. the Court and its officers (apart from attorneys unless specifically designated herein) and court reporters and videographers in connection with the Litigation;

   b. counsel of record and support personnel employed by counsel of record, including but not limited to paralegals, legal secretaries, legal clerks, litigation support and information technology personnel, shorthand reporters, and translators;

  c. in-house attorneys employed by a Party, and non-attorney paralegal, secretarial and clerical personnel who assist such attorneys;

  d. Plaintiffs and Defendants and their current or former employees, officers, and directors, to the extent necessary for conducting the Litigation;

  e. witnesses at deposition or at trial who: (1) are employed by the entity from which such "CONFIDENTIAL INFORMATION" originated; (2) were employed by such entity at the time such "CONFIDENTIAL INFORMATION" was created; (3) are reasonably anticipated to have knowledge of the specific "CONFIDENTIAL INFORMATION" to be disclosed in the course of their regular employment;

  f. photocopy, document imaging, or database services, or services related to the creation of demonstrative exhibits or in-court presentation systems engaged by undersigned counsel, counsel described in paragraph 2(c) hereof and consultants engaged by such counsel to set up, maintain and/or operate litigation databases, provided that such persons first execute an undertaking in the form of Exhibit A hereto, a copy of which shall be retained by counsel engaging such persons; and

  g. any independent expert witness or consultant (which shall not include former employees of the Parties or employees on unpaid leave) engaged by counsel or the Parties to assist in this Litigation, provided that each such independent expert witness or consultant must first execute an undertaking in the form of Exhibit A hereto, a copy of which shall be retained by counsel engaging such persons.

  3. Nothing in this Stipulation and Order shall be construed to indicate that any Discovery Materials are in fact "CONFIDENTIAL" or are entitled to confidential treatment. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL"

or designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this Litigation objects at any stage of these proceedings to the designation by a producing party of Discovery Materials designated "CONFIDENTIAL", the Parties shall try first to resolve such dispute in good faith on an informal basis. If the Parties are unable to resolve the matter after a good faith effort, then the Party disputing the confidentiality designation may seek appropriate relief from the Court, with the disputed materials remaining "CONFIDENTIAL" as originally designated pending resolution by the Court. The Producing Party shall have the burden of persuading the Court that good cause exists for the designation.

    4.    No designation of Discovery Materials as "CONFIDENTIAL" shall be effective unless it is designated as set forth in this paragraph.

    a.    With respect to documents, designation shall be made by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent.

    b.    With respect to testimony given at a deposition, designation may be made by an appropriate statement at the time of the giving of such testimony or by notifying all Parties in writing, within thirty days (30) of receipt of the transcript, of the specific pages and lines of the transcript which are designated as "CONFIDENTIAL." The deposition transcript shall be marked by placing or affixing (in such manner as will not interfere with the legibility thereof) on each page containing confidential information, and on the front cover page, a "CONFIDENTIAL" notice or the equivalent. The designations to a deposition transcript shall apply to the corresponding portions of any videotaped recording of that deposition. Videotapes containing confidential information shall have a label affixed thereto

bearing the "CONFIDENTIAL" notice or the equivalent. All deposition transcripts and videotapes shall be treated as "CONFIDENTIAL" for a period of thirty days (30) after receipt of the transcript or until the specific page and line designations provided for in this paragraph are received, if they are received less than thirty days (30) after receipt of the transcript. The original transcripts of depositions containing "CONFIDENTIAL" material shall be held by outside counsel to the Party who took the depositions.

   c. With respect to all other materials, designation shall be made in a manner reasonably calculated to identify prominently the portion or portions of such material that are designated as "CONFIDENTIAL."

   5. Only persons qualified under paragraph 2 hereof to have access to information designated "CONFIDENTIAL" shall be allowed to attend that portion of any deposition in which "CONFIDENTIAL" material, respectively, is used with, or elicited from, the deponent.

   6. All Discovery Material (and the information contained therein) whether designated "CONFIDENTIAL" or produced without any confidentiality designation, shall be used by each Party or person receiving it or having access to it solely for the prosecution or defense of the claims in this Litigation, whether asserted by pleading or otherwise, or any appeal therefrom and shall not be used by such Party or person for any business, commercial, competitive, personal or other purpose, including the preparation or prosecution of any patent application.

   7. Nothing in this Stipulation and Order shall prevent or restrict (1) the Producing Party from using its own materials for any purpose or (2) an attorney, who is a qualified recipient hereof, from rendering advice to his or her client with respect to this

action, and in the course thereof, from generally relying upon his or her examination of "CONFIDENTIAL" materials, provided that in rendering such advice, the attorney shall not disclose the content of any "CONFIDENTIAL" material of a Producing Party where such disclosure would not otherwise be permitted under the terms of this Stipulation and Order.

8. Nothing in this Stipulation and Order shall prevent disclosure of "CONFIDENTIAL" material beyond the terms of this Stipulation and Order if the Producing Party consents to such disclosure, or if the Court orders such disclosure. This Stipulation and Order shall not prevent any Party or third party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from applying for a modification of this Stipulation and Order and this Stipulation and Order shall be without prejudice to any such application.

9. Except as provided in paragraph 6 hereof, no Party shall be responsible to another for any use made of information produced and not identified as "CONFIDENTIAL" provided that, if information is erroneously disclosed by a Party or third party without being designated as "CONFIDENTIAL" and the Receiving Party is subsequently notified in writing of the error, then such information shall be considered from the point of notification forward as having been designated as "CONFIDENTIAL." Disclosure of such designated material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Stipulation and Order. In the event the material has been distributed in a manner inconsistent with the categorical designation, however, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the designated material, or notes or extracts thereof, in the possession of the person not

authorized under this Stipulation and Order to possess such designated material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in this Stipulation and Order.

10. Nothing in this Stipulation and Order shall require disclosure of any material which counsel for Plaintiffs, Defendants or a third party contends is protected from disclosure by the attorney-client privilege or the work product immunity. The entry of this Stipulation and Order does not waive an objection, otherwise available to a party or third party, that a discovery request is unreasonably burdensome or harassing, or otherwise improper, in whole or in part, under the Federal Rules of Civil Procedure or other applicable law.

11. Pursuant to Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production of any document, information or material during discovery in this Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, and no Party or third party shall be held to have waived any rights by such inadvertent production, provided, however, that the Producing Party shall promptly notify the Receiving Party of any such inadvertent production as soon as possible after the Producing Party knows or reasonably should have known of such inadvertent production. Upon written request by the Producing Party, the Receiving Party shall, within ten (10) business days: (a) return to the Producing Party or destroy the original and all copies of such documents; and (b) destroy any transcripts, excerpts, abstracts, summaries or descriptions thereof. In the alternative, the Receiving Party may, within the ten-day period, petition the Court for an order that the documents are not privileged, provided, however, that the fact of an inadvertent production shall not be a ground for such a motion or order, and further provided, however,

that the Party claiming the privilege shall bear the burden of establishing that privilege to the Court. In addition, upon receipt of the written request, the Receiving Party shall not use such information for any purpose, other than the motion permitted in this paragraph 11, unless allowed by order of the Court.

12. In the event an additional party joins or is joined in this action, that party and its counsel shall be bound by this Stipulation and Order.

13. Subject to paragraphs 14 and 18 hereof, all "CONFIDENTIAL" material shall be maintained in a secure manner by each Party only at the following locations, subject to the access restrictions in paragraph 2: (1) the offices of outside counsel and in-house counsel, as identified in paragraphs 2(b) and (c) hereof; (2) the offices of independent experts and consultants, as identified in paragraph 2(g) hereof; and/or (3) facilities in the vicinity of the Court used for the preparation of trial or during trial. In addition, documents may be temporarily maintained at the offices of outside vendors of photocopy, imaging, and database services, as identified in paragraph 2(f) hereof; at home offices of outside counsel and in-house counsel, as identified in paragraphs 2(b) and (c) hereof; and as necessary for depositions. Litigation counsel of record, identified in paragraph 2(b) hereof, shall be responsible for preventing any disclosure thereof of "CONFIDENTIAL" materials, other than in accordance with the terms of this Stipulation and Order.

14. Notwithstanding paragraph 13 hereof, "CONFIDENTIAL" materials may be:

    a. submitted to the Court pursuant to paragraph 17 hereof;

    b. used as exhibits at trial in this action in a manner to be set forth in the pre-trial order;

    c.  submitted to court reporters and/or videographers as deposition exhibits in this action; and

    d.  temporarily removed from the location identified in paragraph 13 hereof for the purposes of conducting depositions, preparation of witnesses for depositions and witness interviews (pursuant to the provisions of paragraphs 2(e) hereof), consultation with experts or consultants (as described in paragraph 2(g) hereof), photocopying, imaging and database preparation (as described in paragraph 2(f) hereof), and hearings, conferences, trial of this action in this Court and any appeals of this action, including preparations for the foregoing. Reasonable precautions will be taken to ensure that access to "CONFIDENTIAL" material temporarily removed from the locations identified above is restricted to persons entitled to have such access pursuant to this Stipulation and Order.

    15.  If any Party receives a subpoena or other process from any other person seeking production of a Producing Party's information which is designated "CONFIDENTIAL," the Party receiving the subpoena or process shall give notice as promptly as reasonably practicable, to counsel for the Producing Party, enclosing a copy of the subpoena or process. The Producing Party shall bear all responsibility for any objection to the production of such information, except that the Receiving Party shall not make any production of the Producing Party's information pursuant to the subpoena or process until resolution of any objections interposed by the Producing Party.

    16.  Within ninety days (90) after the conclusion of this Litigation, including any appeal, the original and/or copies of all materials produced by a Party or third party, including all copies and documents containing such information derived therefrom, shall be destroyed and a certificate confirming destruction shall be provided to the Party or

third party from which such documents and things were obtained. Notwithstanding the above, outside counsel, identified in paragraph 2(b) hereof, shall be entitled to retain all court papers, trial transcripts, exhibits used in affidavits or declarations, at depositions, or at trial, and attorney work product (excluding litigation databases containing either the full text of materials or abstracts thereof), provided that any such materials containing "CONFIDENTIAL" material are maintained in a manner consistent with this Stipulation and Order. Insofar as the provisions of this Stipulation and Order restrict the communication or use of the documents produced hereunder, this Stipulation and Order shall continue to be binding after the conclusion of this litigation, except:

      a.    that there shall be no restriction on any document that was used as an exhibit in Court unless such exhibit was maintained under seal; and

      b.    that a Party may seek the written permission of the Producing Party or third party for modification of this Stipulation and Order.

      17.    (a)    A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing "CONFIDENTIAL" information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such information, shall provide all other Parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such "CONFIDENTIAL" information. The "CONFIDENTIAL" information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a Party as

comprising or containing "CONFIDENTIAL" information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL–SUBJECT TO STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

(b) As an alternative to the procedure set forth in paragraph 17(a), any Party may file with the Court any documents previously designated as comprising or containing "CONFIDENTIAL INFORMATION" by submitting such documents to the Courtroom Deputy in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL–SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or

consent of the parties." Such documents shall be returned by the Courtroom Deputy upon disposition of the motion or other proceeding for which they were submitted.

(c) All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as comprising or containing "CONFIDENTIAL INFORMATION," shall identify such documents by the production number ascribed to them at the time of production.

18. Any papers or copies thereof filed upon the public record shall have deleted or omitted therefrom all "CONFIDENTIAL" information. Copies of such papers served upon counsel for the parties shall include all "CONFIDENTIAL" information and shall be marked as "CONFIDENTIAL" on each page that contains such information.

19. Nothing in this Stipulation and Order shall prohibit the transmission or communication of "CONFIDENTIAL" information by hand delivery, face to face conference between or among persons qualified under the terms of paragraph 2 hereof to have access to "CONFIDENTIAL" information,

a. in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

b. by telephone, telegram, facsimile, email or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified person.

20. The restrictions set forth in the preceding paragraphs shall not apply to information or material that:

a. was, is or becomes public knowledge, not as a result of a violation of this Stipulation and Order;

      b.    is acquired by the non-designating party from a third party having the right to disclose such information or material; or

      c.    was lawfully possessed by the non-designating party prior to receipt from the designating party.

21.    In the event of disclosure of any "CONFIDENTIAL" material to a person not authorized for access to such material in accordance with paragraph 2 hereof for "CONFIDENTIAL" information, the Party responsible for having made, and any Party with knowledge of, such disclosure shall immediately inform counsel for the Party whose "CONFIDENTIAL" material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible Party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each Party shall cooperate in good faith in that effort.

22.    The Parties agree to submit this Stipulation and Order for entry by the Court, and to be bound by the terms agreed to herein prior and subsequent to entry by the Court. Any provision of this Stipulation and Order may be modified for good cause shown.

23.    A Receiving Party shall not under any circumstances sell, offer for sale, advertise, or publicize information designated "CONFIDENTIAL."

24.    The terms and conditions of this Stipulation and Order shall survive and remain in force and effect after the termination of this Litigation.

| WILMER CUTLER PICKERING HALE AND DORR LLP | SCHLAM STONE & DOLAN LLP |
|---|---|
| By: _____<br>Charles C. Platt | By: _____<br>Robert L. Begleiter |

| | |
|---|---|
| Rebecca Haciski<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>(212) 230-8800<br><br>*Attorneys for Plaintiffs Zurich American Insurance Company and Zurich Services Corporation*<br><br>Dated: 7/30/2013 | Samuel L. Butt<br><br>26 Broadway<br>New York, NY 10004<br>Telephone: (212) 344-5400<br>Facsimile: (212) 344-7677<br><br>*Attorneys for Defendants Supreme Foodservice AG, Supreme Foodservice GmbH, Supreme Group Holding SARL, and Supreme Fuels FZE.*<br><br>Dated: 8/1/13 |

Notwithstanding any other provision of this Order, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

SO ORDERED.
Dated: 8/1/13

RICHARD J. SULLIVAN
U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and ZURICH SERVICES CORPORATION,<br>*Plaintiffs*,<br><br>– against –<br><br>SUPREME FOODSERVICE AG, SUPREME FOODSERVICE GmbH, SUPREME GROUP HOLDING SARL, and SUPREME FUELS FZE,<br>*Defendants*. | ECF CASE<br><br>Civil Action No. 12-CV-9117 (RJS)(FM)<br><br>**UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL COVERED BY PROTECTIVE ORDER** |

1. My present employer is: _____

2. The address of my present employer is:

_____

3. My present occupation or job description is:

_____

4. I have received a copy of the Stipulation and Order in this case signed by the Court on _____, 2013.

5. I have carefully read and I understand the provisions of the Stipulation and Order. I agree to comply with and be bound by all terms and restrictions of that Stipulation and Order. Further, I agree not to disclose any information designated "CONFIDENTIAL" and not to use such information other than in assisting an attorney of record in this case.

6. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any "CONFIDENTIAL" information or any portion or substance thereof provided to me in the course of this litigation.

7. I understand that if I violate the provisions of this Stipulation and Order I may be subject to, among other things, sanctions by the Court.

8. I hereby agree to submit to the jurisdiction of the Federal and State Courts located in the State of New York, New York County, for enforcement of the undertakings I have made here and I appoint counsel of record for the party requesting assistance from the undersigned as my agent to receive the service of process in that connection.

9. Upon the conclusion of the Litigation and any appeals related thereto, or when I no longer have any reason to possess the designated "CONFIDENTIAL" material, whichever shall occur first, I hereby agree to return all copies of the designated material to the Party who furnished the same to me or certify that the same has been destroyed.

10. I state under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

EXECUTED ON _____

_____