UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZURICH AMERICAN INSURANCE
COMPANY, *et al.*,

                          Plaintiffs,

-v-

SUPREME FOOD SERVICE AG, *et al.*,

                          Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-23-13
```

No. 12 Civ. 9117 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      The Court is in receipt of the attached pre-motion letters from the parties. Defendants seek leave to file a motion under Federal Rule of Civil Procedure 12(c) with respect to their first counterclaim against Plaintiff Zurich American Insurance Company. Because the success of Defendants' counterclaim will likely require a predicate determination as to Plaintiffs' underlying breach-of-contract claim and because the case is still proceeding through discovery, Defendants' contemplated motion is deemed to have been made and is HEREBY DENIED without prejudice to renewal when discovery concludes.

SO ORDERED.

DATED:     August 23, 2013
                New York, New York

                                                  RICHARD J. SULLIVAN
                                                  UNITED STATES DISTRICT JUDGE

# SCHLAM STONE & DOLAN LLP

HARVEY M. STONE
RICHARD H. DOLAN
WAYNE I. BADEN
MICHAEL A. BATTLE
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JEFFREY M. EILENDER
JOHN M. LUNDIN
DAVID J. KATZ
JONATHAN MAZER
ERIK S. GROOTHUIS
ROBERT L. BEGLEITER
ELIZABETH WOLSTEIN

26 BROADWAY

NEW YORK, N.Y. 10004

(212) 344-5400

TELECOPIER: (212) 344-7677

www.schlamstone.com

PETER R. SCHLAM (1944-2005)

OF COUNSEL
RONALD G. RUSSO
MARY W. ANDERSON
HILLARY S. ZILZ
BRADLEY J. NASH
VITALI S. ROSENFELD

NIALL D. O'MURCHADHA
ANDREW S. HARRIS
SAMUEL L. BUTT
RAFFI MELKONIAN

August 13, 2013

**VIA E-MAIL TO sullivannysdchambers@nysd.uscourts.gov**
Honorable Richard J. Sullivan
United States District Court
Southern District of New York, 500 Pearl Street
New York, New York 10007

    Re: ***Zurich American Ins. Co. et ano. v. Supreme Foodservice AG et al.***
       **Case No.: 12 CV 9117 (RJS) (FM)**

Dear Judge Sullivan:

  This firm represents the Defendants in the above action ("Defendants" or "Supreme"). Pursuant to Your Honor's Individual Practices Rule 2.A, we respectfully request a pre-motion conference concerning Defendant Supreme Group Holding SARL's ("Supreme Group") anticipated motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) and 54(b), on its First Counterclaim against Plaintiff Zurich American Insurance Company ("Zurich American"). Supreme Group seeks damages on this counterclaim in the amount of $6,807,658, which Zurich American admits it owes to Supreme Group as a result of a premium overpayment, (Compl. ¶¶ 33-34), plus pre-judgment interest from April 16, 2012.

## A. FACTUAL SUMMARY

  Defendants, which contract with the United States military and NATO to supply food and fuel in Afghanistan, sought insurance coverage for workers' compensation claims, as required by The Defense Base Act, 42 U.S.C. §§ 1651-1654 ("DBA"). The DBA extends the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., to provide workers' compensation protection to civilian employees working outside the United States on United States military bases or under a contract with the United States government for public works or for national defense.

  Zurich American accordingly issued Supreme Foodservice AG ("Supreme Foodservice") a workers' compensation policy, numbered WC 3995299-00, that was effective as of April 16, 2009 for one year and which was renewed for the two subsequent years to Supreme Group. (Compl. ¶ 17).

  Each of the insurance policies issued by Zurich American contained a DBA endorsement and thus covered Supreme and its subcontractors for workers' compensation claims for injuries to or deaths of Supreme's or its subcontractor's employees for work performed pursuant to contracts with the United States military. (Compl. ¶¶ 18, 20). It is undisputed that, for the purposes of this action, employees hired by Supreme or its subcontractors are covered under the DBA if they are performing work pursuant to contracts with the United States military. (*Id.*)

Honorable Richard J. Sullivan
August 13, 2013
Page 2 of 4

The United States Department of Labor ("DOL"), Office of Workers' Compensation Programs ("OWCP"), Division of Longshore and Harbor Workers' Compensation, supervises the DBA. An employer (or the employer's subcontractor) is required to file a claim with the OWCP on an injured employee's behalf. 33 U.S.C. § 930. Beginning in 2010, Supreme was facing pressure from the DOL and potentially substantial fines for, in the DOL's view, not filing claims in a timely manner under the DBA for employees who had been injured or killed. (*See* Compl. ¶ 2). Defendants understood that the DOL wanted them to file all previously unfiled claims arising out of any work performed in Afghanistan as soon as possible. Defendants did so. (*Id.*)

Plaintiffs contend that some of these claims related to work that was being performed under contracts with NATO rather than the United States military. (Compl. ¶¶ 28-29). Plaintiffs admit that Defendants advised Plaintiffs and the DOL as early as July 2011 that some of the claims submitted related to work performed under NATO contracts. (*Id.* ¶ 28). Plaintiffs claim that they have been damaged in an amount of $2,535,698.37 for benefits they paid out or expenses they incurred on NATO-related claims under the Policies and they also seek an additional $579,869.34 in damages for alleged NATO-related claims they paid under an agreement between Zurich Services Corporation and Supreme Group whereby Zurich Services agreed to operate as the claims administrator for DBA claims that arose prior to the effective dates of the Policies. (*See, e.g.*, Compl. ¶¶ 13-16).

The Policy at issue on Supreme Group's anticipated motion, WC 3995299-02, was issued to Supreme Group by Zurich American and effective for the period April 16, 2011, through April 16, 2012. (Compl. ¶ 33; Ctclm. ¶ 1; Reply ¶ 1). Supreme Group paid an estimated premium of $17,304,902. (Compl. ¶ 33, Ctclm ¶ 2; Reply ¶ 2). The Policy provides as follows:

> The premium shown on the information Page, Schedules and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is…less [than the premium Supreme Group paid to Zurich American], [Zurich American] will refund the balance to [Supreme Group].

(Ctlcm. ¶ 3). Zurich American admits that the final premium for the Policy was $10,496,434. (Compl. ¶ 33; Ctclm ¶ 4; Reply ¶ 4). Finally, Zurich American admits that it has not refunded the $6,807,658, on which Supreme Group is entitled to pre-judgment interest, to Supreme Group. (Compl. ¶¶ 33-34; Ctlcm. ¶ 6; Reply ¶ 6).

## B. ARGUMENT

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988).

The pleadings, and the Policy, which the Court may consider since it is integral to the pleadings, *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004), demonstrate that Supreme Group has established the elements of its counterclaim for breach of contract under New York law, which is the applicable law for this action. Zurich American admitted in its Complaint and in its Reply to Supreme Group's counterclaim that there was a valid contract, namely the insurance policy WC 3995299-02, effective for the period April 16, 2011, through April 16, 2012. Zurich American admits that the final

Honorable Richard J. Sullivan
August 13, 2013
Page 3 of 4

premium for the Policy was $10,496,434. (Compl. ¶ 33; Ctclm ¶ 4; Reply ¶ 4). Zurich American admits that it has not refunded the $6,807,658. (Compl. ¶¶ 33-34; Ctlcm. ¶ 6; Reply ¶ 6).

Zurich American may argue that it is relieved of its obligation to refund this overpayment because it denies that Supreme Group performed its obligations under the contract, either because Supreme Group allegedly submitted NATO claims for reimbursement or because Defendants have not reimbursed Plaintiffs for the $2,535,698.37 Plaintiffs claim they are owed under the Policies. These arguments, however, are meritless. As an initial matter, Zurich American's mere conclusory denial that Supreme Group performed all its obligation under the Policy, (Reply ¶ 5), is insufficient to defeat a 12(c) motion. *CenturyLink, Inc. v. DISH Network, L.L.C.*, 2012 WL 3100782, at *1 (S.D.N.Y. July 31, 2012) (defendant's conclusory denial of a breach is insufficient to create a material issue of fact). Moreover, Supreme Group's obligations are a matter of contract interpretation and can be decided as a matter of law. *Id.* In interpreting the relevant provisions of the Policy, it is clear that Supreme Group did not breach any provision by inadvertently (there are no allegations of fraud by Plaintiffs in this action) submitting NATO related claims.

Furthermore, it is not the law that even if Supreme Group breached the contract, which it did not, that Zurich American would be entitled to keep the admitted overpayment. Zurich American continued the Policy although it knew at least by July 2011 of the NATO issue. (*See* Compl. ¶ 28). Thus, it can now only sue for damages, not treat the Policy as terminated. Additionally, allowing Zurich American to keep the overpaid premium would create a windfall for Zurich American that contravenes the purposes of contract damages, which is to permit the non-breaching party to retain the benefit of its bargain. Finally, Zurich American is not entitled to hold the overpaid premium amount as a set-off since its claims against Supreme Group are unliquidated and in dispute.

Supreme Group is also entitled to pre-judgment interest at a rate of 9%, which began to run no later than April 16, 2012, when the Policy expired and Zurich American became obligated to return the amount of the overpayment for the estimated premium. CPLR § 5001(a) (interest "**shall** be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property....") (emphasis added); *Schwarz v. ThinkStrategy Capital Mgmt. LLC*, 2012 WL 4122812, at *1 (S.D.N.Y. Sept. 19, 2012) (awarding pre-judgment interest based on CPLR §§ 5001 and 5004).

Alternatively, if this Court does not enter judgment in the full amount of $6,807,658 plus pre-judgment interest, it should at the very least enter judgment against Zurich American in favor of Supreme Group in the amount of $3,692,090.29 (the $6,807,658 owed to Supreme Group by Zurich American less the $3,115,567.71 Zurich American is seeking in this action), plus interest, with Supreme Group's additional damages to be determined at a subsequent stage of this proceeding.

Finally, this Court may enter judgment on Supreme Group's counterclaim, pursuant to Fed. R. Civ. P. 54(b), because the claim is separable and distinct from the claims not yet adjudicated and because there is no risk of piecemeal appeals that would require the Second Circuit to decide the similar issues based on same facts.

Respectfully submitted,

*Robert L. Begleiter* (signature)

Robert L. Begleiter

Honorable Richard J. Sullivan
August 13, 2013
Page 4 of 4

Cc: (Via-E-mail)
    Charles Platt
    Rebecca Haciski

# WILMERHALE

Rebecca A. Haciski

+1 202 663 6528 (t)
+1 212 663 6363 (f)
rebecca.haciski@wilmerhale.com

August 16, 2013

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007-1316

Re:   *Zurich American Insurance Company and Zurich Services Corporation v. Supreme Foodservice AG, Supreme Foodservice GmbH, Supreme Group Holding SARL, and Supreme Fuels FZE*, Civil Action No. 12-CV-9117 (RJS)

Dear Judge Sullivan:

We represent Plaintiffs Zurich American Insurance Company ("Zurich American") and Zurich Services Corporation (collectively, "Zurich"). Zurich respectfully submits this letter in response to the August 13, 2013 letter from Defendants Supreme Foodservice AG ("Supreme AG"), Supreme Foodservice GmbH, Supreme Group Holding SARL ("Supreme Group"), and Supreme Fuels FZE (collectively, "Supreme") regarding an anticipated motion for judgment on the pleadings on the First Counterclaim in the above-titled action ("Supreme's Letter"). In its Counterclaim, Supreme seeks to recover $6,807,658 in return premiums that it says are due under a workers' compensation insurance policy issued by Zurich American. Supreme is not entitled to that amount, or to judgment on the First Counterclaim, because it materially breached its contracts, and thus cannot enforce performance of those contracts.

1.   **Background**

Zurich brought this action because Supreme had (1) failed to reimburse Zurich for hundreds of thousands of dollars for U.S. Department of Labor ("DOL") claims that Zurich administered on behalf of Supreme under a Claims Services Contract, and (2) falsely reported 603 workers' compensation claims to the DOL, and to Zurich, as arising under contracts with the U.S. Military and thus being covered by the Defense Base Act, 42 U.S.C. §§ 1651-1654 (the "DBA"). (Compl. ¶ 24.) In fact, these claims arose under Supreme's contracts with the North Atlantic Treaty Organization ("NATO"), *not* with the U.S. Military. (Compl. ¶ 28.) Thus, the claims were undisputedly not covered by the DBA or Zurich's policies. Supreme's false claims caused Zurich to pay benefits and incur expenses totaling millions of dollars. Supreme has failed to reimburse Zurich for those amounts with no explanation or justification whatsoever. (Compl. ¶ 32.)

Supreme now comes to this Court insisting that, despite the fact that it has failed to perform on, and has materially breached, *all* of its contracts with Zurich,[1] it is still entitled to Zurich American's full performance on the workers' compensation policy as a matter of law. The legal

---

[1] Supreme's multiple breaches and refusals to pay has made Zurich justifiably concerned about its ability to recover on any judgment that might be rendered against Supreme.

authority is to the contrary. In any event, Supreme has raised questions of material fact that require a trial.

## 2. Supreme Is Not Entitled To Performance On The Policies It Breached

Courts have clearly established that "a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach." *Merrill Lynch v. Allegheny Energy*, 500 F.3d 171, 186 (2d Cir. 2007) (reversing grant of summary judgment on a contract claim); *see also, e.g., Legend Artists Mgmt., Inc. v. Blackmore*, 273 A.D.2d 91, 92 (N.Y. Sup. Ct. 2000) (holding that defendant did not have to pay plaintiff as required under their contract because of plaintiff's material breach). Where substantial performance or material breach is in dispute, as in this case, granting a Rule 12(c) motion is inappropriate because the issue "is usually a question of fact and should be decided as a matter of law only where the inferences are certain." *Merrill Lynch*, 500 F.3d at 186.

Here, Zurich has clearly alleged in its complaint that (among other things): Supreme made false claims not only to Zurich but also to the U.S. Government; Supreme's false claims had the effect of transferring to Zurich American the cost of benefits and expenses that were not covered under the workers' compensation policies, *and* causing Zurich American to have to incur those costs and benefit payments that Supreme otherwise would have had to absorb; and when Zurich American sought reimbursement, Supreme refused to pay. (Compl. ¶¶ 24-32.)

Based on these allegations, Zurich American has alleged that Supreme failed to perform under, and materially breached, the policies. Zurich has also thus denied Supreme's right to recover on any counterclaims as a result. A determination that Supreme is entitled to recover on its counterclaims as a matter of law would require the Court to disregard Zurich's allegations, which would be improper under Rule 12(c) of the Federal Rules of Civil Procedure, and to disregard the controlling case law cited above. As a result, Supreme does not have a meritorious 12(c) motion.[2]

## 3. Supreme's Arguments For A 12(c) Motion Have No Merit

In its August 13 letter, Supreme acknowledges the principle regarding material breach as an excuse from performance, and cites no case to the contrary. Supreme's Letter, at 2. Instead, Supreme cites to an opinion holding that the defendant's "conclusory denial of a breach is insufficient to create a material issue of fact," in a case where the defendant had offered only an "unreasonable" interpretation of the contract at issue. *CenturyLink, Inc. v. DISH Network, LLC*, 2012 WL 3100782, at *1, 4 (S.D.N.Y. Jul. 31, 2012); Supreme's Letter, at 3. That case is inapposite here, however, because as described above Zurich has alleged numerous specific facts demonstrating Supreme's failure to perform and material breach, and thus Zurich's denials of liability are far from conclusory.

---

[2] Even if it did, interest would only be awardable at the earliest from the date of the audit, and not the end of the policy as Supreme suggests, as the premium adjustment becomes due only after the audit is complete.

2

In its letter, Supreme also contends (again without citing to any applicable legal authority) that the only remedy currently available to Zurich is to sue for damages because it continued performing under the policies even after becoming aware of the NATO claims. That argument is without merit—Zurich only performed, despite Supreme's breach, because of its obligations under applicable law to disabled, injured or deceased workers who would have been left without any benefits based on Supreme's conduct. Regardless, the question of whether Zurich continued to perform in the manner Supreme suggests is a question of fact that requires a trial.

Supreme further states obliquely in its letter that "it is clear that Supreme Group did not breach any provision [of the policies] by inadvertently (there are no allegations of fraud by Plaintiffs in this action) submitting NATO related claims." Supreme's Letter, at 3. In fact, the allegations in Zurich's complaint state that Supreme made affirmatively false claims, and then refused to reimburse Zurich for the millions of dollars of harm caused by those false statements, all to enrich Supreme at Zurich's expense. (Compl. ¶¶ 24-25, 32.) Those allegations demonstrate a failure to perform and a material breach by Supreme. To the extent that Supreme intends to defend on the ground that their false statements and self-serving conduct were "inadvertent," that would raise questions of fact for trial.

Similarly, Supreme's suggestion that it was facing pressure from the DOL to file claims, and that it submitted the false claims to avoid penalties for late filings, does not justify a breach of contract. Supreme's Letter, at 2. This argument is also disingenuous, as Supreme asserts at the same time that Zurich should not have paid those same claims in order to avoid penalties. In any event, those allegations are not supported by the pleadings, and there is a question of fact for trial as to whether the DOL wanted claims to be falsely filed so that Supreme could transfer its liability for NATO claims onto Zurich.

4.  **Zurich Will Return A Portion Of The Premium Due**

Without prejudice to its claims and defenses, Zurich will be returning over $4 million of the adjusted premium amount to Supreme very shortly to avoid the punitive impact of the 9% interest rate that Supreme argues should apply. Although Zurich does not believe that it owes Supreme any of that premium, it will seek to recover that amount in this litigation rather than run the risk of pre-judgment interest that no longer reflects any reasonable market rate.

Respectfully submitted,

Charles C. Platt
Rebecca A. Haciski
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
(212) 230-8800
*Attorneys for Plaintiffs Zurich American Insurance Company and Zurich Services Corporation*

3