## SCHLAM STONE & DOLAN LLP

HARVEY M. STONE
RICHARD H. DOLAN
WAYNE I. BADEN
MICHAEL A. BATTLE
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JEFFREY M. EILENDER
JOHN M. LUNDIN
DAVID J. KATZ
JONATHAN MAZER
ERIK S. GROOTHUIS
ROBERT L. BEGLEITER
ELIZABETH WOLSTEIN

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

PETER R. SCHLAM (1944-2005)
OF COUNSEL
RONALD G. RUSSO
MARY W. ANDERSON
HILLARY S. ZILZ
BRADLEY J. NASH
VITALI S. ROSENFELD

NIALL D. O'MURCHADHA
ANDREW S. HARRIS
SAMUEL L. BUTT
RAFFI MELKONIAN

# MEMO ENDORSED

September 27, 2013

**VIA E-MAIL TO sullivannysdchambers@nysd.uscourts.gov**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York, 500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-30-13
```

Re: *Zurich American Ins. Co. et ano. v. Supreme Foodservice AG et al.*
    **Case No.: 12 CV 9117 (RJS) (FM)**

Dear Judge Sullivan:

      This firm represents the Defendants in the above-referenced action ("Defendants"). Pursuant to Your Honor's Individual Practices Rule 1.D, we respectfully write to request an extension of time to complete fact discovery. Plaintiffs join in this request.

      Although the parties have diligently participated in discovery, due to the volume of documents involved in this action, including electronically stored information, and the need to obtain many documents from overseas, the parties will be unable to complete fact discovery or depositions by the October 1, 2013, deadline set forth in the Case Management Plan and Scheduling Order, dated April 11, 2013. (Docket No. 16). Further, as the Court is aware, the parties wrote to this Court concerning a discovery dispute over the scope of Defendants' document requests on August 6, 2013, which this Court resolved by an Order dated August 8, 2013, directing the parties to agree on search terms for Plaintiffs' production. It took some time for the parties to ultimately agree on the search terms, and Plaintiffs have since granted Defendants access to certain responsive documents stored electronically and will complete their responsive production on or before September 30, 2013. Defendants have made two productions, and anticipate a further production, consisting of Defendants' claims files shortly, once they receive, *inter alia*, documents located in Dubai. Once the productions are complete, the parties will require at least a few weeks to review the productions prior to any depositions. Finally,

Honorable Richard J. Sullivan
September 27, 2013
Page 2 of 2

I am unavailable for much of the fall due to an arbitration pending before the International Centre for Dispute Resolution.

Accordingly, the parties respectfully request that the Court permit a revised schedule as set forth below:

|  | **Original Date** | **New Date** |
|---|---|---|
| **Fact Discovery Completed** | October 1, 2013 | ~~January 31, 2014~~ Nov. 1, 2013 |
| **Fact Depositions Completed** | October 1, 2013 | ~~January 31, 2014~~ Nov. 1, 2013 |
| **Expert Disclosure - Plaintiffs** | October 30, 2013 | ~~January 31, 2014~~ Nov. 26, 2013 |
| **Expert Disclosure - Defendants** | November 30, 2013 | ~~January 31, 2014~~ Dec. 31, 2013 |
| **All Discovery Completed** | December 2, 2013 | ~~January 31, 2014~~ Jan. 3, 2014 |
| ~~Post-Discovery Conference~~ | ~~December 20, 2013~~ | ~~February 28, 2014 at 10:00 am~~ |
| **Post-Discovery Pre-Motion Letters** | December 2, 2013 | ~~February 14, 2014~~ January 3, 2013 [1] |

This revised schedule takes into account the delay in discovery described above, as well as the fact that one of the counsel for Plaintiffs will be unavailable as of the beginning of April 2014 due to expected maternity leave. With this revised schedule, Plaintiffs are respectfully requesting that the trial in this case be scheduled for March 2014, the Court's schedule permitting, so as to avoid having to postpone the trial for the duration of counsel's maternity leave. Defendants do not currently oppose a trial occurring in March 2014, if it is possible as a practical matter, but respectfully reserve their rights in this regard for two reasons. First, Defendants cannot be certain what issues may arise during discovery. Second, Defendants anticipate that they will move for summary judgment at the conclusion of discovery. Should Defendants move for summary judgment, a trial could not occur in March 2014 given that the pre-motion letter is not due until February 14, 2014, per the proposed revised schedule, and the briefing on the motion may not conclude until sometime in March at the earliest.

This is the parties' first request for an extension of these deadlines. A proposed Revised Scheduling Order is attached hereto. We thank the Court for its attention to this matter.

```
The Court adopts the schedule above.  The
Court will conduct a post-discovery
conference on January 17, 2013 at 2:30 p.m.
```

Respectfully submitted,

Robert L. Begleiter

Encl.

Cc: (Via-E-mail)
    Charles Platt
    Rebecca Haciski

SO ORDERED
Dated: 9/27/13
RICHARD J. SULLIVAN
U.S.D.J.

---

[1] On the Case Management Plan and Scheduling Order, this date and the resulting date for pre-motion letters were completed by the Court. The parties propose these revised dates for the Court's convenience but with the understanding they are subject to the Court's schedule.